IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANN C. RASKAUSKAS             *
                                           *
                                           *
v.                                          *
                                           *        Civil No.  JKS 13-1105
DEBORAH RAYE LEITH, *et al.*      *
                                           *

## MEMORANDUM OPINION

Presently pending are Plaintiff's Motion for Partial Summary Judgment, ECF No. 16, and Defendant Deborah Leith's Motion for Summary Judgment, ECF No. 17.  Both motions are fully briefed and no hearing is necessary.  *See* Local Rule 105.6.  For the reasons set forth below, Plaintiff's motion will be denied and Defendant's motion will be granted.

1. **Background.**

On December 15, 2010, Defendant Sylvia Leith, a seventeen-year-old high school student, was driving a car owned by her mother, Defendant Deborah Leith, to her high school to take an exam.  ECF No. 16 at 1.  Sylvia claims that it became difficult to see because of sun glare deflecting off of salt and residue on her windshield.  ECF No. 17 at 9.  She deployed her windshield cleaner to improve her visibility, but unfortunately, as stated by Sylvia, the "wipers swept the fluid across [her] windshield and the fluid froze making it impossible for me to see with the strong glare of the low angle winter sun against the ice."  *Id.*  Sylvia claims that she approached the next intersection and crossed the stop line of the intersection intending to take a right and pull over immediately.  *Id.*  She thought the intersection in front of her was clear, but Plaintiff Ann C. Raskauskas was sitting stopped at a red light at the intersection and Sylvia struck the rear of Plaintiff's vehicle.  *Id.*

2. **Discussion.**

    A.  **Plaintiff's Motion for Partial Summary Judgment**

Plaintiff argues that summary judgment should be granted as to liability because it is undisputed that Sylvia rear-ended Plaintiff's vehicle while Plaintiff was stopped at a red light. Defendants respond in two ways. First, they argue that summary judgment is not appropriate because a jury could find that Plaintiff was contributorily negligent by stopping "well into the intersection beyond the stop line." ECF No. 18 at 3. Defendants cite MD. CODE ANN., TRANSP. § 21-202(h)(1)(i), which states, in relevant part, that "[v]ehicular traffic facing a steady circular red signal alone shall stop at the near side of the intersection at a clearly marked stop line." "[I]t is a settled common law rule in Maryland that a violation of a relevant statute or ordinance may be evidence of negligence to be considered by the trier of fact, although such violation does not establish negligence or contributory negligence as a matter of law." *Maurer v. Pa. Nat'l Mut. Cas. Ins. Co.*, 404 Md. 60, 68 (2007) (citation and quotation marks omitted). However, there are prerequisites for a violation of a statute to constitute evidence of negligence: the party "must show (a) the violation of a statute or ordinance designed to protect a specific class of persons which includes the [party], and (b) that the violation proximately caused the injury complained of." *Id.* at 68-69. Here, neither prerequisite is satisfied. Defendants have produced nothing in law or fact to support the argument that this statute was designed to protect a driver from rear-ending another car. Likewise, Defendants cannot show that the violation of the statute proximately caused the injury. Thus, Defendants have not carried their burden of showing that a jury could reasonably conclude that Plaintiff was contributorily negligent by stopping beyond the stop line.

Defendants also argue that it is debatable whether Sylvia was negligent because according to her testimony she was confronted with a sudden emergency—i.e., loss of visibility due to the frozen, sunlit, washer fluid on her windshield—and a jury could infer that Sylvia behaved reasonably given these circumstances. ECF No. 18 at 3. Under the emergency doctrine, "one who is apparently guilty of negligence excuses his apparent negligence by asserting that he acted in an emergency and that what in other circumstances would have been negligence is not negligence in view of the emergency." *Stevens v. Chandler Motor Co.*, 222 Md. 399, 405 (1960) (citation and quotation marks omitted). Thus, if an actor "is left no time for thought, or is reasonably so disturbed or excited, that he cannot weigh alternative courses of action, and must make a speedy decision," then "the actor cannot reasonably be held to the same conduct as one who has had full opportunity to reflect, even though it later appears that he made the wrong decision." *Miller v. Reilly*, 21 Md. App. 465, 473 (1974). Ultimately, the issue is "whether in the light of the alternatives available to him, and the time available to him to recognize and evaluate those alternatives, [the actor] made a choice that a reasonable, prudent person would make." *Moats v. Ashburn*, 60 Md. App. 487, 493-94 (1984). "Whether the operator of an automobile was confronted with an emergency, and whether he acted negligently under the circumstances, are generally questions for the jury." *Braswell v. Burrus*, 13 Md. App. 513, 519 (1971).

When assessing a motion for summary judgment, all justifiable inferences must be drawn in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). It is not appropriate for the court to make credibility determinations, weigh the evidence, or draw inferences adverse to the nonmoving party, because these are jury functions. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Specifically, in an auto-

tort case, "[t]he question whether the following vehicle involved in a rear-end collision neglected to use due care is ordinarily for the jury to decide." *Herbert v. Klisenbauer*, 12 Md. App. 135, 139-40 (1971). "'Only in exceptional cases, where it is clear that reasonable minds would not differ with regard to the facts, will the question of negligence pass from the realm of fact to that of law.'" *Id.* (quoting *Altenburg v. Sears*, 249 Md. 298, 304 (1968)).

Here, Sylvia claims that salt and residue on her windshield made it difficult for her to see. She deployed her windshield cleaner to clear the residue, but her "wipers swept the fluid across [her] windshield and the fluid froze making it impossible for [her] to see with the strong glare of the low angle winter sun against the ice." ECF No. 18 at 3. Sylvia, thinking the intersection ahead of her was clear, and believing that there was congested traffic behind her, planned to enter the intersection and pull over immediately to the right on the perpendicular road, but instead struck Plaintiff.

Thus far, Plaintiff has made no attempt to discredit or counter Sylvia's explanation of events. Viewing all justifiable inferences in favor of Defendants, the court cannot conclude that Sylvia was negligent as a matter of law because a jury could decide that she behaved reasonably under the circumstances. A jury is best equipped to determine, for example, whether Sylvia's explanation of events is credible, whether there were better alternatives that Sylvia should have used, whether Sylvia should have realized that the light was red, or whether there was residue on the windshield which should have been cleaned prior to starting the car. *See Harders v. Estate of Tran*, 1:09-CV-00032, 2010 U.S. Dist. LEXIS 131971, 23-24 (N.D.N.Y Dec. 14, 2010) (concluding that there were triable issues of fact with respect to the emergency doctrine when defendant decided to stop his car on a freeway in a whiteout); *Miller v. Reilly*, 21 Md. App. 465, 476 (1973) (holding that the trial court properly submitted the case to the jury on the doctrine of

sudden emergency when a driver's brakes failed as she was descending a hill toward an intersection controlled by a traffic light and attempted to turn her vehicle to her right at the intersection, crossed over the median barrier and collided with an approaching vehicle); *Cunningham v. Dills*, 19 Wn.2d 845, 847 (Wash. 1944) (concluding that the question whether a motorist was negligent in stopping his vehicle to clear ice from his windshield was properly submitted to the jury). Plaintiff's motion for partial summary judgment is accordingly denied.

### B. Defendant Deborah Leith's Motion for Summary Judgment

Defendant Deborah Leith, the mother of the driver and owner of the vehicle, moves for summary judgment, arguing that any negligence on behalf of Sylvia cannot be imputed to her because Sylvia was not acting as her agent when driving the vehicle. ECF No. 17. Plaintiff contends that, because Sylvia drove the car for the partial convenience of Deborah, there is a genuine issue of material fact regarding whether Sylvia was acting as Deborah's agent at the time of the accident.

The relevant legal background for this issue was set out in *Toscano v. Spriggs*, 343 Md. 320, 325 (1996) (citation and quotation marks omitted):

> Mere ownership of a car does not impose liability for injuries caused in the driving of it. Liability, when it exists, is not for the car, but only for the act or omission of the person driving. And when the owner has not himself been the negligent cause of an injury, he can be held liable vicariously only when the negligence has been that of his servant engaged in his affairs. He is not even liable for the negligence of his general servant, his chauffeur, for instance, unless at the time the servant has been conducting the owner's affairs.

There is a presumption in Maryland that the operator of a motor vehicle is the agent of the owner. *Id.* This presumption can be rebutted if the purpose of the trip was not for the benefit of the owner of the vehicle. *Id.* at 329.

Plaintiff argues that Deborah benefitted from Sylvia driving the car because this freed Deborah to do other things. This same argument was asserted and rejected in *Toscano*. Toscano was the *de facto* foster mother of John Farmer, who, while on his way to work, struck (or was a passenger in the car that struck) a pedestrian with an automobile owned by Toscano. *Id.* at 322-23. The pedestrian argued that Farmer was using the vehicle for the benefit of Toscano. The court concluded that "the uncontradicted purpose of the trip was not for the benefit of Toscano . . . [i]t was for the benefit of Farmer . . . ."; "this Court does not recognize, even in the relationship of a birth parent and child, the so-called 'family purpose doctrine.'" *Id.* at 329 (citing *Williams v. Wheeler*, 252 Md. 75, 81-82 (1969) ("The mere fact that Williams is the stepfather of Brady is not significant as we have consistently held that the head of a family who maintains a motor vehicle for the general use of his family is not liable for the negligence of a member of his family, who is driving the vehicle under a general authority."); *Talbott v. Gegenheimer*, 245 Md. 186, 189 (1967) ("We have refused to follow the 'family purpose' doctrine which holds liable the head of a family who maintains a motor vehicle for the general use, pleasure, and convenience of the family, for the negligence of a member of the family having general authority to drive it while the vehicle is so used.")).

Here, the uncontradicted evidence is that Sylvia was using the car to commute to school. ECF No. 17 at 5. Plaintiff asserts, without any supporting evidence, that perhaps Sylvia "did a little grocery or other shopping on the way home from school . . . for the benefit of the family," but this is the type of fact that has been rejected as part of the family purpose doctrine. In addition, mere speculation as to what Sylvia *may have* done is not sufficient to defeat uncontradicted evidence in a motion for summary judgment. *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 308 (2006) ("[T]he non-moving party must . . . provide evidence sufficient to

create an issue for trial.  Mere unsupported speculation is not sufficient to defeat a summary

judgment motion if the undisputed evidence indicates that the other party should win as a matter

of law.").

Plaintiff also contends that Sylvia was a minor child at the time of the accident and thus

an agency relationship must exist because Deborah had a duty to make sure that Sylvia attended

school.  ECF No. 21-1 at 2.  In support of this contention, Plaintiff cites Article 1 § 24 of the

Maryland Code, which merely provides that a seventeen-year-old student has the right to receive

support from her parents.  The statute does not render a minor the agent of her parents every time

she uses their vehicle.  In sum, Plaintiff has failed to put forth any facts creating a genuine issue

for trial on the question of agency.  Deborah's motion for summary judgment will accordingly be

granted.


Date:  August 29, 2013               _____/S/_____
                                     JILLYN K. SCHULZE
                                     United States Magistrate Judge